**Nasser v. Transport Insurance Co.**

*William R. Keller*, for plaintiff.
*Raymond F. Lowery*, for defendant.

OLSZEWSKI, *J.*, July 6, 1979—Transport Insurance Company, one of defendants herein (Transport), filed a motion for summary judgment to the complaint in assumpsit of Leona Nasser, plaintiff (Nasser).

In order to determine whether summary judgment should be granted, we must pay attention to the well-established rules dealing with summary judgment. In Acker v. Palena, _____ Pa. Superior Ct. _____, 393 A. 2d 1230 (1978), the court held: "Party moving for summary judgment bears burden of demonstrating clearly that there is no genuine issue of material fact." (Syllabus). Nash v. Chemetron Corp., 246 Pa. Superior Ct. 595, 371 A. 2d 992 (1977), held: "On motion for summary judgment, record must be examined in light most favorable to nonmoving party. Pa.R.C.P. No. 1035(b), 43 Pa.C.S.A." (Syllabus). Further, in the case of Lehigh Electric Products Co., Inc. v. Pa. National Mutual Casualty Insurance Co., 257 Pa. Superior Ct. 198, 390 A. 2d 781 (1978), the court held:

"On motion for summary judgment, court must accept as true all well-pleaded facts and consider any admissions of record, but resolve any doubts as to existence of genuine issue of material fact against moving party. Pa.R.C.P. No. 1035(b), 42 Pa.C.S.A.

"On motion for summary judgment, Superior Court must view record in light most favorable to nonmoving party and give nonmoving party benefit of all reasonable inferences. Pa.R.C.P. No. 1035(b), 42 Pa.C.S.A." (Syllabus).

Nasser's husband, Edward, was accidently killed while operating a tractor trailer while in the employ of Burgmeyer Bros., Inc. Transport carried both workmen's compensation and insurance under the Pennsylvania No-fault Motor Vehicle Insurance Act. This action was instituted to recover the Pennsylvania no-fault benefits from Transport. Two issues arise from the motion for summary judgment before us: first, whether plaintiff is entitled to recover any benefits under the No-fault Insurance Act provisions when Nasser was paid workmen's compensation insurance benefits in excess of the benefits provided under the No-fault Act; and secondly, whether Nasser is entitled to recover for replacement services lost when Nasser, decedent, died instantly.

At argument and in his brief, Nasser's counsel has abandoned the claim for replacement services loss and has voluntarily agreed to amend the complaint in assumpsit deleting Nasser's claim for replacement services loss.

The remaining and only issue in the case before us deals with the question as to whether or not the workmen's compensation benefits received by Nasser should be deducted from the survivor's loss.

The Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 76, art. II, sec. 206, 40 P.S. §1009.206(a) states:

"Except as provided in section 108(a)(3) of this act, all benefits or advantages (less reasonably incurred collection costs) that an individual receives or is entitled to receive from social security (except those benefits provided under Title XIX of the Social Security Act and except those medicare benefits to which a person's entitlement depends upon use of his so-called 'life-time reserve' of benefit days) workmen's compensation, any State-required temporary, nonoccupational disability insurance, and all other benefits (except the proceeds of life insurance) received by or available to an individual because of the injury from any government, unless the law authorizing or providing for such benefits or advantages makes them excess or secondary to the benefits in accordance with this act, shall be subtracted from loss in calculating net loss."

"Net loss" is defined as follows: "'Net loss' means loss less benefits or advantages required to be subtracted from loss in calculating net loss pursuant to this act." 40 P.S. §1009.103.

"Survivor" is defined as follows: "(A) spouse; or (B) child, parent, brother, sister or relative dependent upon the deceased for support." 40 P.S. §1009.103.

Defendant's policy provides: "Any amount payable by the company under the terms of this coverage shall be reduced by: Certain government benefits. (a) all benefits or advantages, less reasonable incurred collection costs, that an eligible person receives or is entitled to receive under the laws of

any state or the federal government providing social security, workmen's compensation, any state-required benefits, and all other benefits received or available from any government (except life insurance payments)."

The policy further provides definition of "eligible person" and "survivor." An "eligible person" is any person who has sustained injury, while a "survivor" is a spouse or anyone dependent upon the decedent for support at the time of his death.

As far as we know, this interpretation is one of first impression. The Pennsylvania No-fault Motor Vehicle Insurance Act Manual prepared by the Pennsylvania Bar Institute [PBI Publication No. 61(1975)] provides at p. 43: "Neither the waiting period nor the deductibles are applicable to survivor's loss. The insurance policy adopted by the regulations makes the government benefits deduction apply only to eligible persons which does not include survivors in the policy."

To the same effect, see Pennsylvania Trial Lawyers Association seminar materials entitled "Pennsylvania No-fault Motor Vehicle Insurance Act," dated August, 1975, at WCA-10, WCA-11, and WCA-12.

In the absence of controlling cases, we are satisfied to accept the rationale from the Pennsylvania Bar Institute and the Pennsylvania Trial Lawyers Association manuals on the subject of no-fault.


ORDER

It is ordered, adjudged, and decreed that the motion for summary judgment is hereby denied and the rule is discharged.